**UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| IN RE: LUMBER LIQUIDATORS<br>CHINESE-MANUFACTURED FLOORING<br>PRODUCTS  MARKETING, SALES<br>PRACTICES AND PRODUCTS LIABILITY<br>LITIGATION, | )<br>)<br>)    MDL No.: 1:15-md-02627-AJT<br>)<br>)<br>) |

**THIS DOCUMENT RELATES TO ALL CASES**

**DEFENDANT LUMBER LIQUIDATORS, INC.'S MEMORANDUM OF LAW IN
SUPPORT OF MOTION TO DISMISS FIRST AMENDED REPRESENTATIVE CLASS
ACTION COMPLAINT AND TO STRIKE PLAINTIFFS' REQUEST FOR
<u>INJUNCTIVE RELIEF CLASSES</u>**

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................ 1

II. FACTUAL BACKGROUND ............................................................................. 1

    A. What is Laminate Flooring?.......................................................................... 1

    B. The California Regulatory Framework. ........................................................ 2

        1. The Airborne Toxic Control Measure, or "ATCM." ........................... 2

        2. How Does A Retailer Comply with the ATCM?................................... 2

            a. The ATCM "Emission Standards" Applicable to MDF
                Cores. ......................................................................................... 2

            b. The Responsibilities of "Manufacturers" and "Fabricators." ........ 2

            c. Requirements of "Retailers." ........................................................ 3

    C. Plaintiffs' FAC. ........................................................................................... 4

III. LEGAL STANDARD ......................................................................................... 5

IV. ARGUMENT ...................................................................................................... 6

    A. Plaintiffs Fail to Allege that Lumber Liquidators Violated the ATCM................. 6

        1. Plaintiffs Have Not Alleged "Retailer" Liability....................................... 6

        2. Plaintiffs Have Not Alleged an "Emissions" Violation. ........................... 6

    B. Plaintiffs Cannot Sue Over Statements They Did Not See or Hear..................... 9

        1. What the FAC Does, and Does Not, Allege. ............................................. 9

        2. Plaintiffs Lack Standing to Challenge the Alleged Statements. ............... 10

        3. Plaintiffs' California, New York, Illinois, and Florida Consumer
           Protection Statutes Claims Cannot Succeed Because Plaintiffs Fail
           to Allege Reliance and/or Causation....................................................... 12

    C. Plaintiffs Fail to Allege Viable CA UCL, NY GBL, IL CFA, FL DUTPA,
        CA FAL, and CA CLRA Claims for Additional, Independent Reasons. ........... 13

        1. Plaintiffs Fail to Allege an Actionable Representation........................... 14

            a. Statements of Fact Are Not Misleading...................................... 14

            b. The Fabricator's CARB label is Not Misleading......................... 15

        2. Plaintiffs Fail to Allege any Actionable Omission. ................................ 16

            a. No Representation in Need of Correction.................................... 16

            b. No Obligation to Disclose........................................................... 16

        3. Plaintiffs Do Not Plead A Predicate Violation for Their CA UCL
           "Unlawful" Claim. ................................................................................. 18

# TABLE OF CONTENTS
(continued)

**Page**

    4.    Plaintiffs Fail To Allege Injury Under the NY GBL and Intent Under the IL CFA. ... 19

D.    Plaintiffs Fail to State a Negligent Misrepresentation Claim. ... 19

    1.    The Economic Loss Doctrine Bars Plaintiffs' Claim. ... 20

    2.    Plaintiffs Do Not Allege Key Elements of Their Claim. ... 21

E.    Plaintiffs' Fraudulent Concealment Claim Fares No Better. ... 22

    1.    Plaintiffs Fail to Allege Key Elements of Their Claim. ... 22

    2.    The Economic Loss Doctrine Bars Plaintiffs' Claim. ... 22

F.    Plaintiffs' Breach of Implied Warranty Claim Cannot Be Maintained. ... 23

G.    Plaintiffs' Magnuson-Moss Claim is Defective. ... 25

H.    Plaintiffs Do Not State a TX DTPA Claim. ... 27

I.    Plaintiffs Do Not Allege that The Free Indoor Air Quality Testing Program Caused Them Any Injury. ... 27

J.    Plaintiffs Lack Standing to Seek Injunctive Relief. ... 28

K.    Plaintiffs' Request for Declaratory Relief is Inappropriate. ... 29

L.    The Court Should Strike Plaintiffs' Rule 23(b)(2) Class. ... 29

V.    CONCLUSION ... 30

# TABLE OF AUTHORITIES

Page

CASES

*Abraham v. Am. Home Mortg. Servicing, Inc.*,
   947 F. Supp. 2d 222 (E.D.N.Y. 2013) ................................................................12

*Adams v. Bain*,
   697 F.2d 1213 (4th Cir. 1982) ...........................................................................5

*Anderson v. Jamba Juice Co.*,
   888 F. Supp. 2d 1000 (N.D. Cal. 2012) .............................................................26

*Aprigliano v. Am. Honda Motor Co.*,
   979 F. Supp. 2d 1331 (S.D. Fla. 2013) ...............................................20, 22, 26

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)............................................................................................5

*Baba v. Hewlett-Packard Co.*,
   No. C 09-05946 RS, 2010 WL 2486353 (N.D. Cal. June 16, 2010) .......................17

*Baltazar v. Apple, Inc.*,
   No. CV-10-3231-JF, 2011 WL 588209 (N.D. Cal. Feb. 10, 2011) .........................16

*Barbara's Sales, Inc. v. Intel Corp.*,
   879 N.E.2d 910 (Ill. 2007).........................................................................13, 14

*Bauer v. Giannis*,
   834 N.E.2d 952 (Ill. App. Ct. 2005) .................................................................22

*Beattie v. Skyline Corp.*,
   906 F. Supp. 2d 528 (S.D.W. Va. 2012)..............................................................5

*Beautiful Home Textiles (USA), Inc. v. Burlington Coat Factory Warehouse Corp.*,
   No. 13 Civ. 1725(LGS), 2014 WL 4054240 (S.D.N.Y. Aug. 15, 2014)................25

*Behrman v. Allstate Ins. Co.*,
   388 F. Supp. 2d 1346 (S.D. Fla. 2005), *aff'd*, 178 Fed. App'x 862 (11th Cir. 2006)..............22

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007).....................................................................................15, 25

*Berger v. Home Depot USA, Inc.*,
   741 F.3d 1061 (9th Cir. 2014) ...........................................................................11

iii

*Black Diamond Props., Inc. v. Haines*,
    940 So. 2d 1176 (Fla. Dist. Ct. App. 2006) ..........................................................................12

*Bober v. Glaxo Wellcome PLC*,
    246 F.3d 934 (7th Cir. 2001) .....................................................................................14, 15

*Burns v. Winnebago Indus., Inc.*,
    No. 8:13-CV-1427-T-24 MAP, 2013 WL 4437246 (M.D. Fla. Aug. 16, 2013) ..............20, 23

*Cahill v. Liberty Mut. Ins. Co.*,
    80 F.3d 336 (9th Cir. 1996) ........................................................................................5

*Carlson v. Gen. Motors Corp.*,
    883 F.2d 287 (4th Cir. 1989) ..................................................................................25, 26

*Causey v. Pan Am. World Airways, Inc.*,
    66 F.R.D. 392 (E.D. Va. 1975) ....................................................................................29

*Coburn Supply Co. v. Kohler Co.*,
    342 F.3d 372 (5th Cir. 2003) .......................................................................................21

*Cole v. Gen. Motors Corp.*,
    484 F.3d 717 (5th Cir. 2007) .......................................................................................26

*Columbia/HCA Healthcare Corp. v. Cottey*,
    72 S.W.3d 735 (Tex. App. 2002) .................................................................................22

*De Sole v. Knoedler Gallery, LLC*,
    974 F. Supp. 2d 274 (S.D.N.Y. 2013)...........................................................................22

*Disher v. Tamko Bldg. Prods., Inc.*,
    No. 14-CV-740-SMY-SCW, 2015 WL 4609980 (S.D. Ill. July 31, 2015) ...........................22

*Dodson v. Tempur-Sealy Int'l, Inc.*,
    No. 13-CV-04984-JST, 2014 WL 1493676 (N.D. Cal. Apr. 16, 2014) .................................18

*Donahue v. Ferolito, Vultaggio & Sons*,
    786 N.Y.S.2d 153 (App. Div. 1st Dep't 2004) .................................................................19

*Estrada v. Johnson & Johnson*,
    No. 2:14-CV-01051-TLN-EFB, 2015 WL 1440466 (E.D. Cal. Mar. 27, 2015) ................9, 10

*Express One Int'l, Inc. v. Steinbeck*,
    53 S.W.3d 895 (Tex. App. 2001).................................................................................20

*Fischer Indus. Inc. v. Medivance Instruments, Ltd.*,
    No. 89 C 9082, 1992 WL 686866 (N.D. Ill. Aug. 31, 1992)................................................21

iv

*Fisher v. Honda N. Am., Inc.*,
   No. LA CV13-09285 JAK (PLAx), 2014 WL 2808188 (C.D. Cal. June 12, 2014) ...............20

*Foster Poultry Farms v. Alkar-Rapidpak-MP Equip., Inc.*,
   868 F. Supp. 2d 983 (E.D. Cal. 2012)...................................................................................21

*Gale v. Int'l Bus. Machs. Corp.*,
   781 N.Y.S.2d 45 (App. Div. 2d Dep't 2004) .........................................................................12

*Garrett v. RentGrow, Inc.*,
   No. 04 C 8309, 2005 WL 1563162 (N.D. Ill. July 1, 2005) ....................................................19

*Garrison v. Whole Foods Mkt. Grp., Inc.*,
   No. 13-CV-05222-VC, 2014 WL 2451290 (N.D. Cal. June 2, 2014) ......................................28

*Gedalia v. Whole Foods Mkt. Servs., Inc.*,
   53 F. Supp. 3d 943 (S.D. Tex. 2014) .....................................................................................26

*Gen. Elec. Capital Corp. v. Posey*,
   415 F.3d 391 (5th Cir. 2005) ..................................................................................................21

*Gibson v. Liberty Mut. Grp., Inc.*,
   778 F. Supp. 2d 75 (D.D.C. 2011).........................................................................................29

*Goldemberg v. Johnson & Johnson Consumer Cos.*,
   8 F. Supp. 3d 467 (S.D.N.Y. 2014).................................................................................19, 26

*Gomez-Jimenez v. N.Y. Law Sch.*,
   103 A.D.3d 13 (2012) .............................................................................................................22

*Hemming v. Certainteed Corp.*,
   468 N.Y.S.2d 789 (App. Div. 4th Dep't 1983).......................................................................20

*Henderson v. Gruma Corp.*,
   No. CV 10-04173 AHM, 2011 WL 1362188 (C.D. Cal. Apr. 11, 2011) ...............................14

*Hidden Values, Inc. v. Wade*,
   No. 3:11-CV-1917-L, 2012 WL 1836087 (N.D. Tex. May 18, 2012) ....................................22

*Hines v. Hash*,
   843 S.W.2d 464 (Tex. 1992)...................................................................................................27

*Hollman v. Taser Int'l, Inc.*,
   928 F. Supp. 2d 657 (E.D.N.Y. 2013) ...................................................................................24

*Hydro Investors, Inc. v. Trafalgar Power, Inc.*,
   227 F.3d 8 (2d Cir. 2000) .......................................................................................................21

v

*Ibarolla v. Nutrex Research, Inc.*,
   No. 12 C 4848, 2012 WL 5381236 (N.D. Ill. Oct. 31, 2012) ...........................................23, 26

*In re Activated Carbon-Based Hunting Clothing Mktg. & Sales Practices Litig.*,
   No. 09-md-2059, 2010 WL 3893807 (D. Minn. Sept. 29, 2010) ...........................................11

*In re Ferrero Litig.*,
   794 F. Supp. 2d 1107 (S.D. Cal. 2011) ...................................................................................26

*In re iPhone Application Litig.*,
   6 F. Supp. 3d 1004 (N.D. Cal. 2013) ......................................................................................11

*In re Sears, Roebuck & Co. Tools Mktg. & Sales Practices Litig.*,
   No. MDL-1703, 2012 WL 1015806 (N.D. Ill. Mar. 22, 2012)................................................26

*In re Vaccine Cases*,
   36 Cal. Rptr. 3d 80 (Ct. App. 2005)........................................................................................18

*In re Wellbutrin XL Antitrust Litig.*,
   260 F.R.D. 143 (E.D. Pa. 2009)..............................................................................................29

*Isip v. Mercedes-Benz USA, LLC*,
   65 Cal. Rptr. 3d 695 (Ct. App. 2007)................................................................................23, 24

*Jovine v. Abbott Labs., Inc.*,
   795 F. Supp. 2d 1331 (S.D. Fla. 2011) .............................................................................24, 26

*Kane v. Chobani, Inc.*,
   973 F. Supp. 2d 1120 (N.D. Cal. 2014) ..................................................................................12

*Kelley v. Mortg. Elec. Registration Sys.*,
   642 F. Supp. 2d 1048 (N.D. Cal. 2009) ..................................................................................13

*King v. St. Vincent's Hosp.*,
   502 U.S. 215 (1991)...................................................................................................................9

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
   511 U.S. 375 (1994)...................................................................................................................5

*Kopley Grp. V., L.P. v. Sheridan Edgewater Props., Ltd.*,
   876 N.E.2d 218 (Ill. App. Ct. 2007) .......................................................................................21

*Kwikset Corp. v. Super. Ct.*,
   246 P.3d 877 (Cal. 2011) ...................................................................................................12, 18

*Low v. LinkedIn Corp.*,
   900 F. Supp. 2d 1010 (N.D. Cal. 2012) ..................................................................................13

sf-3575928

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992) ........................................................................................................10

*Lukenas v. Bryce's Mountain Resort, Inc.*,
    538 F.2d 594 (4th Cir. 1976) ..........................................................................................29

*Manhattan Motorcars, Inc. v. Automobili Lamborghini, S.p.A.*,
    244 F.R.D. 204 (S.D.N.Y. 2007) .....................................................................................20

*Martin v. Home Depot U.S.A., Inc.*,
    369 F. Supp. 2d 887 (W.D. Tex. 2005) .....................................................................23, 26

*Matthews v. Am. Honda Motor Co.*,
    No. 12-60630-CIV, 2012 WL 2520675 (S.D. Fla. June 6, 2012) ....................................17

*McVicar v. Goodman Global, Inc.*,
    1 F. Supp. 3d 1044 (C.D. Cal. 2014) ..............................................................................27

*Miller v. Hypoguard USA, Inc.*,
    No. 05-CV-0186-DRH, 2005 WL 3481542 (S.D. Ill. Dec. 20, 2005) .............................23

*Mocek v. Alfa Leisure, Inc.*,
    7 Cal. Rptr. 3d 546 (Ct. App. 2003) ................................................................................24

*Monsanto Co. v. Geertson Seed Farms*,
    561 U.S. 139 (2010) ........................................................................................................11

*Neri v. R.J. Reynolds Tobacco Co.*,
    No. 98-CV-371, 2000 WL 33911224 (N.D.N.Y. Sept. 28, 2000) ...................................23

*Newton v. State Farm Fire & Cas. Co.*,
    138 F.R.D. 76 (E.D. Va. 1991) ........................................................................................29

*Oggi Trattoria & Caffe, Ltd. v. Isuzu Motors Am., Inc.*,
    865 N.E.2d 334 (2007) ....................................................................................................26

*Oliveira v. Amoco Oil Co.*,
    776 N.E.2d 151 (Ill. 2002) ..............................................................................................12

*Omni USA, Inc. v. Parker-Hannifin Corp.*,
    964 F. Supp. 2d 805 (S.D. Tex. 2013) ............................................................................24

*Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*,
    647 N.E.2d 741 (N.Y. 1995) ...........................................................................................14

*Para-Chem S., Inc. v. Sandstone Prods., Inc.*,
    No. 01-06-01073-CV, 2009 WL 276507 (Tex. App. Feb. 5, 2009) ...........................27, 28

*Pegasus Imaging Corp. v. Allscripts Healthcare Solutions, Inc.*,
  No. 8:08-CV-1770-T-30 EAJ, 2009 WL 1767612 (M.D. Fla. June 23, 2009)..................23, 26

*Pirozzi v. Apple Inc.*,
  913 F. Supp. 2d 840 (N.D. Cal. 2012) ...............................................................................11

*Preira v. Bancorp Bank*,
  885 F. Supp. 2d 672 (S.D.N.Y. 2012)................................................................................19

*Raziev v. Compass Truck Sales, LLC*,
  No. 13 C 737, 2013 WL 4846894 (N.D. Ill. Sept. 10, 2013).................................................20

*Rice v. Fox Broad. Co.*,
  330 F.3d 1170 (9th Cir. 2003) ..........................................................................................9

*Rockford Mem'l Hosp. v. Havrilesko*,
  858 N.E.2d 56 (Ill. App. Ct. 2006) ...................................................................................17

*Russell v. Virginia*,
  No. 4:09CV29, 2010 WL 8756376 (E.D. Va. Mar. 23, 2010) .................................................28

*Sanders v. Apple Inc.*,
  672 F. Supp. 2d 978 (N.D. Cal. 2009) ...............................................................................22

*Serbalik v. Gen. Motors Corp.*,
  667 N.Y.S.2d 503 (App. Div. 3d Dep't 1998) .....................................................................14

*Settle v. World Sav. Bank, F.S.B.*,
  No. ED CV 11-00800 MMM, 2012 WL 1026103 (C.D. Cal. Jan. 11, 2012) ........................21

*Simms v. Jones*,
  879 F. Supp. 2d 595 (N.D. Tex. 2012) ...........................................................................20, 23

*Small v. Lorillard Tobacco Co.*,
  720 N.E.2d 892 (N.Y. 1999)............................................................................................19

*Smith v. Ford Motor Co.*,
  749 F. Supp. 2d 980 (N.D. Cal. 2010) ...............................................................................22

*Sokoloff v. Town Sports Int'l Inc.*,
  778 N.Y.S.2d 9 (App. Div. 1st Dep't 2004) ......................................................................19

*Spaulding v. Wells Fargo Bank, N.A.*,
  714 F.3d 769 (4th Cir. 2013) .............................................................................................5

*State, Office of the AG v. Wyndham Int'l*,
  869 So. 2d 592 (Fla. Dist. Ct. App. 2004) ........................................................................14

*Stearns v. Select Comfort Retail Corp.*,
   No. 08-2746 JF, 2009 WL 1635931 (N.D. Cal. June 5, 2009) ................................................27

*Sterling Forest Assocs., Ltd. v. Barnett–Range Corp.*,
   840 F.2d 249 (4th Cir. 1988), *abrogated on other grounds by*
   *Lauro Lines s.r.l. v. Chasser*, 490 U.S. 495 (1989) ................................................8

*T&M Solar & Air Conditioning, Inc. v. Lennox Int'l Inc.*,
   83 F. Supp. 3d 855 (N.D. Cal. 2015) ................................................26

*Tapia v. U.S. Bank, N.A.*,
   718 F. Supp. 2d 689 (E.D. Va. 2010) ................................................29

*Tietsworth v. Sears, Roebuck & Co.*,
   No. 5:09-CV-00288 JF (HRL), 2009 WL 3320486 (N.D. Cal. Oct. 13, 2009) ......................14

*Tomasino v. Estee Lauder Cos.*,
   44 F. Supp. 3d 251 (E.D.N.Y. 2014) ................................................23, 26

*Topp, Inc. v. Uniden Am. Corp.*,
   513 F. Supp. 2d 1345 (S.D. Fla. 2007) ................................................20

*Trinity Outdoor, L.L.C. v. City of Rockville, Md.*,
   123 F. App'x 101 (4th Cir. 2005) ................................................5

*Tuosto v. Philip Morris USA Inc.*,
   No. 05 Civ. 9384(PKL), 2007 WL 2398507 (S.D.N.Y. Aug. 21, 2007) ................................21

*Tyco Safety Prods. Canada, Ltd. v. Abracon Corp.*,
   No. 08-CV-80604, 2008 WL 4753728 (S.D. Fla. Oct. 28, 2008) ................................21

*United States v. Buchanan*,
   638 F.3d 448 (4th Cir. 2011) ................................................7

*Wal-Mart Stores, Inc. v. Dukes*
   131 S. Ct. 2541 (2011) ................................................29, 30

*WeBoost Media S.R.L. v. LookSmart Ltd.*,
   No. C 13-5304 SC, 2014 WL 2621465 (N.D. Cal. June 12, 2014) ................................22

*Williams v. Purdue Pharma Co.*,
   297 F. Supp. 2d 171 (D.D.C. 2003) ................................................11

*Williamson v. Apple, Inc.*,
   No. 5:11-cv-00377 EJD, 2012 WL 3835104 (N.D. Cal. Sept. 4, 2012) ................................18

*Woods v. Maytag Co.*,
   No. 10-CV-0559 (ADS) (WDW), 2010 WL 4314313 (E.D.N.Y. Nov. 2, 2010) ......................17

ix

*Zaycer v. Sturm Foods, Inc.*,
   896 F. Supp. 2d 399 (D. Md. 2012) .............................................................29

*ZP No. 54 Ltd. P'ship v. Fid. & Deposit Co. of Md.*,
   917 So. 2d 368 (Fla. Dist. Ct. App. 2005) ..................................................21

*Zwicky v. Freightliner Custom Chassis Corp.*,
   867 N.E.2d 527 (Ill. App. Ct. 2007) ...........................................................24

STATUTES

15 U.S.C.
   § 2301(6) ......................................................................................................25
   § 2301...........................................................................................................4
   § 2310(d)(3)(B) ...........................................................................................25
   § 2310(e) ......................................................................................................27

815 Ill. Comp. Stat. 505/1 ..................................................................................4

Cal. Bus. & Prof. Code
   § 17200.........................................................................................................4
   § 17500.........................................................................................................4
   § 17580.5......................................................................................................18
   § 17580.5(a) .................................................................................................18

Cal. Civ. Code
   § 1750...........................................................................................................4

Cal. Health & Safety Code
   § 25249.6......................................................................................................18
   § 25249.7(d)(i) .............................................................................................18

Fla. Stat.
   § 501.201......................................................................................................4

N.Y. Gen. Bus. Law
   § 349.............................................................................................................4

Tex. Bus. & Com. Code Ann.
   § 17.41..........................................................................................................4
   § 17.505(a) ...................................................................................................2

x

OTHER AUTHORITIES

Cal. Code Regs. tit. 17,
   § 93120.................................................................................................................................2
   § 93120(c).............................................................................................................................8
   § 93120(d).............................................................................................................................2
   § 93120.1(a)(8).....................................................................................................................2
   § 93120.1(a)(12)...................................................................................................................3
   § 93120.1(a)(15)..............................................................................................................3, 7
   § 93120.1(a)(23)...................................................................................................................3
   § 93120.1(a)(27)...................................................................................................................2
   § 93120.1(a)(38)...................................................................................................................3
   § 93120.1(41).......................................................................................................................3
   § 93120.2(a)..............................................................................................................2, 3, 6, 9
   § 93120.2(a)(1).....................................................................................................................8
   § 93120.2(a)(1)-(3)..............................................................................................................6
   § 93120.2(a)(1)-(5)..............................................................................................................4
   § 93120.2(a)(2).....................................................................................................................7
   § 93120.2(a)(3).....................................................................................................................7
   § 93120.2(a)(4)-(5)..............................................................................................................7
   § 93120.2(a)(5).................................................................................................................7, 8
   § 93120.2(a)(4).....................................................................................................................8
   § 93120.3..............................................................................................................................3
   § 93120.3(b).........................................................................................................................3
   § 93120.3(h).........................................................................................................................3
   § 93120.4(a).........................................................................................................................3
   § 93120.6..............................................................................................................................3
   § 93120.7(a)(2).....................................................................................................................3
   § 93120.7(c).........................................................................................................................3
   § 93120.7(d)(1).....................................................................................................................3
   § 93120.8..............................................................................................................................3
   § 93120.8(a).........................................................................................................................3
   § 93120.8(b).....................................................................................................................4, 6
   § 93120.9(c).........................................................................................................................8
   § 93120.12............................................................................................................................3
   § 93120.12 app. 2.................................................................................................................3
   § 93120.12 app. 3.................................................................................................................3

## I.      INTRODUCTION

At the heart of this case is the claim that Lumber Liquidators, Inc. ("Lumber Liquidators") sold at retail Chinese-made laminate flooring that Plaintiffs contend, post purchase, do not meet the California Air Resources Board's ("CARB") formaldehyde emissions standards.  All twelve counts rely on that averment.  But Plaintiffs misunderstand the regulation and, consequently, they have not properly alleged any viable claim.

Lumber Liquidators is a "retailer."  As such, it enjoys a "safe harbor" when selling "finished goods" that, as here, are admittedly labelled by an upstream "fabricator" as compliant with the emissions standards—unless specific conditions are met.  Plaintiffs allege none of those disqualifying conditions.  Plaintiffs need to prove that Lumber Liquidators failed to take "reasonable prudent precautions" and knew prior to sale of the finished goods that certain "emissions standards" violations had occurred.  None of this is alleged.

The First Amended Representative Class Action Complaint ("FAC") is riddled with other flaws.  Plaintiffs fail to allege pre-purchase exposure to the allegedly actionable statements, so they lack Article III standing, reliance, and causation.  All claims are missing key elements.  Additionally, Plaintiffs' request for injunctive relief classes under Federal Rule of Civil Procedure 23(b)(2) is inappropriate and should be stricken.

For all of the foregoing reasons, the Court should dismiss all claims and strike Plaintiffs' proposed Rule 23(b)(2) classes.

## II.      FACTUAL BACKGROUND

### A.      What is Laminate Flooring?

The laminated flooring products are made with a medium density fiberboard ("MDF") core.  (*See* FAC ¶¶ 1, 2.)  MDF is made by combining wood fiber with wax and a resin binder.

1

(*Id*. ¶ 2.)  On top of the MDF is a decorative laminate, which consists of papers decorated with a photorealistic image of hardwood and covered with a reactive resin and a clear topcoat.  (*See id.* ¶ 2.)  The laminate is affixed to the MDF substrate by heat and pressure.  (*Id.*)

## B.   The California Regulatory Framework.

### 1.   The Airborne Toxic Control Measure, or "ATCM."

In 2007, CARB issued the Airborne Toxic Control Measure, or "ATCM," (*id.* ¶¶ 6, 35), found at Chapter 17 of the California Code of Regulations, sections 93120 *et seq.*[1]  The ATCM does not apply to products sold or offered for sale outside California.  § 93120(d).

### 2.   How Does A Retailer Comply with the ATCM?

The ATCM sets forth essentially three categories of provisions: (i) "emission standards," (ii) responsibilities of manufacturers and fabricators, and (iii) responsibilities of downstream players in the supply chain—distributors, importers, and retailers such as Lumber Liquidators.

#### a.   The ATCM "Emission Standards" Applicable to MDF Cores.

The ATCM regulates formaldehyde emissions only from "composite wood products" and not from "finished goods" that contain them.[2]  (FAC ¶¶ 6, 35-37.)  During Phase 1 (January 1, 2009 – December 30, 2010) that standard was .21 parts per million (ppm) for MDF cores, and since then ("Phase 2") that standard has been .11 ppm for MDF cores.

#### b.   The Responsibilities of "Manufacturers" and "Fabricators."

A "manufacturer" is someone who produces a "composite wood product" or core. § 93120.1(a)(27); *see also* § 93120.1(a)(8) (definition of "composite wood product").

---

[1] All section cites refer to title 17 of the California Code of Regulations.

[2] *See also* § 93120.2(a) ("The formaldehyde emission standards in Table 1 apply to hardwood plywood (HWPW), particleboard (PB), and medium density fiberboard (MDF) sold, supplied, offered for sale, or manufactured for sale in California.").

sf-3575928

Manufacturers must verify their compliance with the ATCM emission standards using third party certifiers. [3]  § 93120.3(b); § 93120.12 app. 2.  A third-party certifier is someone who has been certified by CARB to conduct formaldehyde emissions tests, monitor manufacturer compliance programs, and provide audits and inspections of manufacturers.  *See* § 93120.1(41); § 93120.3.

A "fabricator" uses "composite wood products" to "make finished goods," and includes "producers of laminated products."  § 93120.1(a)(12); *see also* § 93120.1(a)(15).  Fabricators do not have to comply with third-party certification, § 93120.7(a)(2), but they must take "reasonable prudent precautions" to assure that the cores they use comply with the ATCM's "emission standards" and label the finished product as such.  *See* § 93120.7(c).  It is the fabricator of the MDF, not Lumber Liquidators, whose code is placed on the CARB label.  § 93120.7(d)(1).

### c.    Requirements of "Retailers."

Lumber Liquidators is a "retailer."[4]  § 93120.1(a)(38).  The ATCM creates a "safe harbor" for retailers who sell finished goods that are properly labelled by the fabricator, so long as they take "reasonable prudent precautions" applicable to retailers.  *See* § 93120.8 ("Requirements for Retailers…").  That phrase "include[s], at a minimum, instructing each supplier that the goods they supply to the retailer must comply with the applicable emission standards, and obtaining written documentation from each supplier that this is so."  *Id.*

A "retailer" can lose its "safe harbor" if "at the time of sale" it knew that the "finished goods" violated the ATCM's "emission standards."  § 93120.8(a) (referencing § 93120.2(a)).  The "emission standards" provision goes on to describe the five conditions that will render a

---

[3] The third-party certifiers must be approved by CARB.  § 93120.4(a).  Once approved, third-party certifiers must conduct quality assurance testing of the manufacturers' products (the cores) to verify that the emission standards are met.  § 93120.3(b), (h); § 93120.12 app. 3.

[4] Lumber Liquidators is also possibly an "importer."  *See* in § 93120.1(a)(23).  Either way, the responsibilities are largely the same.  *See* § 93120.6 (responsibilities of importers).

sf-3575928

"product" non-compliant "at the time of sale." § 93120.2(a)(1)-(5).  The first three conditions

apply to "composite wood products" and the last two conditions apply to "finished goods."  *Id.*

In sum, ATCM compliance turns on (i) whether Lumber Liquidators took "reasonable

prudent precautions" under § 93120.8(b) and (ii) if, despite taking such precautions, Lumber

Liquidators sold laminate flooring products that "[did] not comply with the emission standards"

because, *prior to* such sale, it knew that one of the five emissions conditions arose.

### C.      Plaintiffs' FAC.

There are thirteen named Plaintiffs from five states.  Plaintiffs allege that they purchased

Chinese-manufactured laminate flooring from Lumber Liquidators between January 2013 and

October 2014.  (*See* FAC ¶¶ 69, 81, 91, 100, 116, 128, 137.)  Plaintiffs seek certification of

California, Florida, New York, Texas, and Illinois classes of purchasers of composite laminate

flooring for personal, family, or household use that was manufactured in China.  (*Id.* ¶ 145.)

Plaintiffs bring twelve claims:  (i) fraudulent concealment; (ii) violation of California's

unfair competition law ("CA UCL"), Cal. Bus. & Prof. Code § 17200; (iii) violation of

California's false advertising law ("CA FAL"), Cal. Bus. & Prof. Code § 17500; (iv) violation of

California's Consumer Legal Remedies Act ("CA CLRA"), Cal. Civ. Code § 1750 *et seq.*; (v)

violation of Florida's Deceptive and Unfair Trade Practices Act ("FL DUTPA"), Fla. Stat. §

501.201 *et seq.*; (vi) violation of New York General Business Law section 349 ("NY GBL"),

N.Y. Gen. Bus. L. § 349; (vii) violation of the Texas Deceptive Trade Practices – Consumer

Protection Act ("TX DTPA"), Tex. Bus. & Com. Code Ann. § 17.41 *et seq.*; (viii) violation of

Illinois' Consumer Fraud and Deceptive Business Practices Act ("IL CFA"), 815 Ill. Comp. Stat.

505/1 *et seq.*; (ix) breach of implied warranty; (x) violation of the Magnuson-Moss Warranty Act

("MMWA"), 15 U.S.C. § 2301 *et seq.*; (xi)  negligent misrepresentation; and (xii) declaratory

relief. They seek declaratory judgment, injunctive relief, restitution, damages, punitive damages, attorneys' fees, and costs.

## III. LEGAL STANDARD

A motion to dismiss based on Article III standing is properly raised under Federal Rule of Civil Procedure 12(b)(1). *Trinity Outdoor, L.L.C. v. City of Rockville, Md.*, 123 F. App'x 101, 105 (4th Cir. 2005). The burden of proof on a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Where the challenge to jurisdiction is facial, the court applies a standard similar to that applied to a Rule 12(b)(6) motion. *Adams v. Bain*, 697 F.2d 1213, 1216 (4th Cir. 1982).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should be granted if the plaintiff is unable to articulate facts establishing a claim to relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court must accept all factual allegations pleaded in the complaint as true, *Cahill v. Liberty Mutual Insurance Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996), but it need not accept unreasonable inferences or legal conclusions cast as factual allegations. *See id.*

Where the plaintiff alleges claims "sound[ing] in fraud," those claims must be pled with particularity under Federal Rule of Civil Procedure 9(b). *Beattie v. Skyline Corp.*, 906 F. Supp. 2d 528, 537 (S.D.W. Va. 2012); s*ee Spaulding v. Wells Fargo Bank, N.A.*, 714 F.3d 769, 781 (4th Cir. 2013). Here, the crux of Plaintiffs' fraudulent concealment, CA UCL, CA CLRA, CA FAL, FL DUTPA, NY GBL, IL CFA, and negligent misrepresentation claims are that Lumber Liquidators misrepresented and failed to disclose the fact that the Chinese-manufactured laminate flooring it sells "exceed[s] the limits prescribed by CARB." (FAC ¶ 12.) Thus, those claims must be pled with particularity.

5

IV.    **ARGUMENT**

A.    **Plaintiffs Fail to Allege that Lumber Liquidators Violated the ATCM.**

The gravamen of the FAC is that Lumber Liquidators sold laminate flooring products that exceeded "CARB formaldehyde standards."  (FAC ¶¶ 1, 42.)  All twelve counts depend on that assertion.  (*Id.* ¶¶ 16, 163 (Count I), 167 (Count II), 178 (Count III), 191(Count IV), 195 (Count V), 208 (Count VI), 218 (Count VII), 231-233 (Count VIII), 243 (Count IX), 256 (Count X), 260 (Count XI), 267 (Count XII).)

Plaintiffs misunderstand "CARB compliance" or, more precisely, Lumber Liquidators' obligations as a retailer under the ATCM.  The FAC commits two offenses.

1.    **Plaintiffs Have Not Alleged "Retailer" Liability.**

An "emissions" violation alone is not enough.  There must be a violation of the retailer provision, and that requires proof that Lumber Liquidators did not take "reasonable prudent precautions."  § 93120.8(b).  Plaintiffs never cite the "retailer" provision, much less allege that Lumber Liquidators did not take "reasonable prudent precautions."  On this ground alone the FAC is defective.

2.    **Plaintiffs Have Not Alleged an "Emissions" Violation.**

In addition, there must be proof that Lumber Liquidators knew "at the time of sale" that its finished goods did not comply with the "emission standards" because it had knowledge that prior to sale, one of the five emissions conditions arose.  There are two flaws in the FAC.

First, the FAC fails to plead an "emissions standard" violation.  That has two parts. § 93120.2(a).  But Plaintiffs cite only the first part of the provision, omitting the second.  (FAC ¶¶ 35-36.)  That matters, because the omitted portion shows why Plaintiffs are wrong.

A *composite wood product*—the core—can fail the ATCM's emission standards in one of three ways.  § 93120.2(a)(1)-(3).  A *finished good* can fail the ATCM's emission standards in

two ways.  § 93120.2(a)(4)-(5).  Plaintiffs rely on the third condition, subsection 93120.2(a)(3),

for their claim of non-compliance, (*see* FAC ¶ 36), but that is not an option.  That subsection

describes emissions violations affecting a composite wood product, i.e., the core.  Lumber

Liquidators does not sell "*composite wood products.*"  Rather, as Plaintiffs acknowledge,

Lumber Liquidators sells "composite laminate flooring products," (*id.* ¶¶ 1, 2, 42), which the

ATCM considers "finished goods," § 93120.1(a)(15).  Plaintiffs do not allege that Lumber

Liquidators' *finished goods* failed either applicable condition, thus the FAC must be dismissed.

The ATCM sets forth clearly when a finished good is non-compliant.  The Court should

reject Plaintiffs' attempt to augment this exclusive list by adding their own non-enumerated

notions of "CARB compliance."  *Cf. United States v. Buchanan*, 638 F.3d 448, 454 (4th Cir.

2011) ("The maxim 'expressio unius est exclusio alterius'—which translates roughly as 'the

expression of one thing is the exclusion of other things'—is a venerable canon of statutory

construction, and that maxim is directly applicable here.").

<u>Second</u>, Plaintiffs' pleading error cannot be fixed by re-alleging the proper statutory

section.  Plaintiffs rely on a testing failure.  They contend that testing performed on over 100

samples shows that the finished goods exceeded Phase 2 emission standards and this, Plaintiffs

say, proves that Lumber Liquidators' products are not CARB-compliant.  (FAC ¶¶ 8, 10, 12.)

They are wrong.  Testing can cause a failure of the "emissions standard" in three ways:

(i) The manufacturer tests the core (§ 93120.2(a)(2)); (ii) CARB tests the core (§ 93120.2(a)(3));

or (iii) CARB tests the finished good.  (§ 93120.2(a)(5).)  As noted above, Plaintiffs do not

7

allege which of these they are relying on for their "test" failures.[5]  Hence, the FAC again fails to state an emissions violation.

But there is a deeper, more fundamental problem.  If the testing is done on a finished good, as alleged here, the testing must have been conducted by "ARB or local air district personnel."  The ATCM makes this clear:  Any testing conducted on a finished good is governed by section 93120.2(a)(5).[6]  That subsection provides that the testing must "us[e] the enforcement testing methods for finished goods specified in section 93120.9(c)."  Turning to that subsection, one finds that any such testing—in order to trigger a violation of the "emissions standard"— "shall be conducted by ARB or local air district personnel."  § 93120.9(c).  The verb "shall" is mandatory.  *Sterling Forest Assocs., Ltd. v. Barnett–Range Corp*., 840 F.2d 249, 250-52 (4th Cir. 1988), *abrogated on other grounds by Lauro Lines s.r.l. v. Chasser*, 490 U.S. 495, 497 (1989).  Thus, the plain meaning is that only CARB (or a local air district) can perform the "testing" that could result in a labelled finished good becoming non-compliant with the CARB "emission standards."[7]  Plaintiffs do not allege that CARB did the testing on which they rely.

This defect cannot be cured, because we know that the testing was not conducted "by ARB or local air district personnel" but by the producers of *60 Minutes* (*id*. ¶ 10), or by "laboratories" retained "by private attorneys," (*id*. ¶¶ 8, 12).  None of these non-CARB conducted tests can cause a finished product to "not comply with the [ATCM] emission standards."

---

[5] Plaintiffs do not appear to be relying on subsections 93120.2(a)(1) or (2).  Nor could they.  Those provisions involve violations of the labelling or third-party certification requirements of the ATCM.  Here, Plaintiffs allege that the products did contain the required labels, (*cf*. FAC, ¶¶ 1, 9), and they do not allege that the products were not third-party certified.

[6] Subsection 93120.2(a)(4) does not apply because Plaintiffs do not allege core testing.

[7] The producers of *60 Minutes* also failed to understand this.  (*Cf*. FAC ¶ 11.)

To read the ATCM as Plaintiffs do mixes "product" standards with "actor" liability; ignores the fact that the prohibition on "sell[ing]" in the section on emission standards, § 93120.2(a), applies to sales of *composite wood products*, whereas Lumber Liquidators sells *finished goods*; is inconsistent with that section's requirement that govern emissions "at the time of sale"; and renders the "retailer" provision of .8(b) superfluous.  Courts must "follow the cardinal rule that a statute is to be read as a whole . . . since the meaning of statutory language, plain or not, depends on context."  *King v. St. Vincent's Hosp*., 502 U.S. 215, 221 (1991).

The FAC fails to state a claim and should be dismissed.

## B.   Plaintiffs Cannot Sue Over Statements They Did Not See or Hear.

You can't be deceived by something you never saw.  *Cf. Rice v. Fox Broad. Co*., 330 F.3d 1170, 1181-82 (9th Cir. 2003) (holding there is no UCL violation by a consumer claiming to have been deceived by false statements printed on the "jacket" of a video that he purchased by telephone and failed to see pre-purchase); *Estrada v. Johnson & Johnson*, No. 2:14-CV-01051-TLN-EFB, 2015 WL 1440466, at *4 (E.D. Cal. Mar. 27, 2015) (plaintiff cannot have been injured by statements made after she purchased the product).   The FAC asserts that Lumber Liquidators made misrepresentations in three separate sources.  These include: (1) Lumber Liquidators' "warranty," (FAC ¶ 47); (2) the fabricator's CARB label, (*id.* ¶ 46); and (3) statements on Lumber Liquidators' website, (*id.* ¶¶ 13, 30, 45, 48).  But with few exceptions, Plaintiffs do not allege that they saw or viewed these statements prior to purchase.

### 1.   What the FAC Does, and Does Not, Allege.

No Plaintiff claims to have seen the statements in the "warranty" prior to purchase.[8]

---

[8] Nor could they amend.  The "warranty" that Plaintiffs quote, (*id.* ¶ 47), is not a consumer warranty, but part of a *commercial* purchase order between a Lumber Liquidators entity and its suppliers.

9

As for the fabricator's CARB label, Mr. Balero, the Parnellas, and the Burkes do not allege that they saw the label at all.  That makes perfect sense, because the fabricator's CARB label is not posted in the showroom.  Rather, it appears as a package label on the bundled planks, which a customer ordinarily would not see until post-purchase, when the product is picked up at the loading bay or delivered to the installation site.

The FAC acknowledges this, though it attempts to dance around it.  The Washingtons claim to have "noted" the fabricator's CARB label (but do not say *when* they saw it), and the Brandts allege that the label "confirmed" their belief that the flooring they purchased is safe.  Neither set of plaintiffs alleges seeing the label before purchase.  (*Id.* ¶¶ 73, 104.)  The Cloudens mumble about having "noted" the label, but not before purchase.  (*Id.* ¶ 120.)  Only the Ronquillos allege that they saw the fabricator's CARB label before their purchase, but they do not explain how.  (*Id.* ¶ 83.)

As for the website, Mr. Balero did not view the website at all.  (*Id.* ¶¶ 91-99.)  The Washingtons, Cloudens, Parnellas, and Burkes claim to have viewed it, but not prior to purchase.  (*Cf. id.* ¶¶ 72, 119, 130, 139.)  Only the Brandts and the Ronquillos viewed it prior to purchase.  (*Id.* ¶¶ 83, 103.)  But they do not allege seeing the representations identified in the FAC.[9]

Plaintiffs' claims premised on these statements are insufficient under the law for standing and reliance/causation.

**2.      Plaintiffs Lack Standing to Challenge the Alleged Statements.**

To have Article III standing, a plaintiff must plead and prove "injury in fact," causation, and redressability.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).  "Causation"

_____

[9] Although the Brandts allege that they saw statements that "all of [Lumber Liquidators'] flooring products comply with California emissions standards—no matter where the products are sold," (*id.* ¶ 103), Plaintiffs do not say where those statements came from.

10

requires that the plaintiff's injury be "fairly traceable" to the challenged action of the defendants. *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 149 (2010).

This is a false advertising case. Any statements that Plaintiffs did not specifically allege to have seen or heard before their purchases are irrelevant. *See Pirozzi v. Apple Inc.*, 913 F. Supp. 2d 840, 846-47 (N.D. Cal. 2012) (plaintiff did not have standing to challenge alleged misrepresentations where she failed to specifically identify which statements she found material in decision to purchase product); *Williams v. Purdue Pharma Co.*, 297 F. Supp. 2d 171, 177 (D.D.C. 2003) (dismissing complaint for lack of Article III standing where complaint "asserts that defendants engaged in false and misleading advertising, [but] does not plead that [these Plaintiffs were] in any way deceived – or even saw – any of that advertising").

Plaintiffs do not explain how any alleged injury could be *caused* by unseen or unread statements. "For the Plaintiffs' harm to be 'fairly traceable' to [Lumber Liquidators'] misrepresentations, Plaintiffs must have seen the misrepresentations and taken some action based on what they saw—that is, Plaintiffs must have actually relied on the misrepresentations to have been harmed by them." *In re iPhone Application Litig.*, 6 F. Supp. 3d 1004, 1015 (N.D. Cal. 2013); *see Berger v. Home Depot USA, Inc.*, 741 F.3d 1061, 1069 (9th Cir. 2014) (plaintiff could not sue on behalf of consumers who were exposed to different misrepresentations); *In re Activated Carbon-Based Hunting Clothing Mktg. & Sales Practices Litig.*, No. 09-md-2059 (RHK/JJK), 2010 WL 3893807, at *2 (D. Minn. Sept. 29, 2010) ("In order for class members to have standing . . . they must have relied upon the Defendants' alleged misrepresentations.").

The Court should dismiss Plaintiffs' CA UCL, NY GBL, IL FCA, FL DUTPA, CA CLRA, CA FAL, and negligent misrepresentation claims, as well as their TX DTPA and

11

MMWA claims that are predicated upon a breach of an express warranty created by the fabricator's label.[10]

> **3.** **Plaintiffs' California, New York, Illinois, and Florida Consumer Protection Statutes Claims Cannot Succeed Because Plaintiffs Fail to Allege Reliance and/or Causation.**

Where a plaintiff has alleged false advertising and misrepresentations, as here, actual reliance is required under all prongs of the CA UCL. *See Kwikset Corp. v. Super. Ct.*, 246 P.3d 877, 888 (Cal. 2011). Reliance is also required for claims based on the same allegations under the CA CLRA and CA FAL. *Kane v. Chobani, Inc.*, 973 F. Supp. 2d 1120, 1138 (N.D. Cal. 2014). Similarly, the NY GBL, IL FCA and FL DUTPA require that a plaintiff plead injury *as a result* of the allegedly deceptive act.[11]

The FAC fails to satisfy these requirements as to each category of statements:

<u>Fabricator's CARB Label</u>: Plaintiffs' conclusory allegations of reliance on the fabricator's CARB label, (FAC ¶¶ 74, 105, 121, 127), are insufficient to meet Rule 8's standards, much less Rule 9(b)'s requirements, as no plaintiffs, except the Ronquillos, allege they saw the fabricator's CARB label *before* their purchase such that it could have caused them to purchase the flooring. *See Gale v. Int'l Bus. Machs. Corp.*, 781 N.Y.S.2d 45, 47 (App. Div. 2d Dep't 2004) (no causation where plaintiff did not see any of the challenged statements pre-purchase).

Even if Plaintiffs had seen the fabricator's CARB label prior to their purchase, what did they think it meant? The import of the phrase "CARB . . . CALIFORNIA 93120 Phase 2 Compliant Formaldehyde" is not self-evident. The phrase does not mention emissions or safety.

---

[10] This request does not extend to the Ronquillos' CA UCL, CA CLRA, CA FAL, negligent misrepresentation, and MMWA claims predicated upon the fabricator's label.

[11] *See Abraham v. Am. Home Mortg. Servicing, Inc.*, 947 F. Supp. 2d 222, 234 (E.D.N.Y. 2013); *Black Diamond Props., Inc. v. Haines*, 940 So. 2d 1176, 1179 (Fla. Dist. Ct. App. 2006); *Oliveira v. Amoco Oil Co.*, 776 N.E.2d 151, 154-55 (Ill. 2002).

*See Kelley v. Mortg. Elec. Registration Sys.*, 642 F. Supp. 2d 1048, 1056 (N.D. Cal. 2009) (complaint must show why reliance on statements was reasonable).  Even the Ronquillos, who purportedly saw the fabricator's CARB label prior to their purchase, do not allege this.

Website Representations: Plaintiffs' boilerplate allegations of reliance and causation are again insufficient.  In an attempt to airbrush these allegations, Plaintiffs (minus Mr. Balero) allege that they viewed statements on Lumber Liquidators' website regarding the products' "safety" and Lumber Liquidators' "compliance."  (FAC ¶¶ 72, 83, 104, 119, 130, 139.)  But Plaintiffs need to identify which representations each viewed and which each thought was material, especially as websites are not static, but are updated periodically.  *See Low v. LinkedIn Corp.*, 900 F. Supp. 2d 1010, 1027 (N.D. Cal. 2012) ("Plaintiffs never alleged reliance on any specific representation or advertising").

Moreover, the FAC fails to differentiate between Plaintiffs.  Reading the FAC, one would think, for example, that Laura and Lila Washington both viewed the website in tandem, clicked on the same webpages, read the same statements, found the same statements to be material, and then simultaneously made their purchase decision as a result.  This is implausible.

"Warranty": No plaintiff alleges seeing the warranty, much less relying on it.  The warranty thus could not have caused Plaintiffs' alleged injury.  *See Barbara's Sales, Inc. v. Intel Corp.*, 879 N.E.2d 910, 927 (Ill. 2007) (statements plaintiffs did not see are not actionable).

Plaintiffs have not allege the required reliance and/or causation and their CA UCL, CA CLRA, CA FAL, NY GBL, IL FCA, and FL DUTPA claims should be dismissed.

### C.   Plaintiffs Fail to Allege Viable CA UCL, NY GBL, IL CFA, FL DUTPA, CA FAL, and CA CLRA Claims for Additional, Independent Reasons.

Plaintiffs challenge both what Lumber Liquidators allegedly said about the laminate flooring products and what it did not say.  Plaintiffs' CA UCL, NY GBL, IL CFA, and FL

13

DUTPA claims are based on the theories that (1) Lumber Liquidators misled Plaintiffs about the laminate flooring products and (2) failed to disclose that the products did not comply with the ATCM.  Plaintiffs' CA FAL and CA CLRA claims are limited to theory (1) above.  Because Plaintiffs have failed to plausibly allege an actionable misrepresentation or omission, their CA UCL, CA CLRA, CA FAL, NY GBL, IL CFA, and FL DUTPA claims should be dismissed.

### 1.    Plaintiffs Fail to Allege an Actionable Representation.

Statements are actionable under the CA UCL, CA CLRA, CA FAL, NY GBL, and FL DUTPA where they are likely to deceive a reasonable consumer.  *See Henderson v. Gruma Corp.*, No. CV 10-04173 AHM (AJWx), 2011 WL 1362188, at *10 (C.D. Cal. Apr. 11, 2011); *State, Office of the AG v. Wyndham Int'l*, 869 So. 2d 592, 598 (Fla. Dist. Ct. App. 2004); *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 647 N.E.2d 741, 745 (N.Y. 1995).  An act is deceptive under the IL CFA "if it creates a likelihood of deception or has the capacity to deceive." *Bober v. Glaxo Wellcome PLC,* 246 F.3d 934, 938 (7th Cir. 2001). Plaintiffs do not allege an actionable representation under either standard. [12]

### a.    Statements of Fact Are Not Misleading.

The statements on Lumber Liquidators' website and in its "warranty" that Plaintiffs identify as misleading are statements of fact not plausibly alleged to be false.

As to Lumber Liquidators' website, Plaintiffs object that the website represents that the laminate flooring Lumber Liquidators sells meets the CARB standard and that Lumber

---

[12] To the extent Plaintiffs' misrepresentation claims are predicated on the statement "Highest Quality Flooring.  GUARANTEED," (FAC ¶ 13), they should be dismissed because that statement is non-actionable puffery.  *See, e.g.*, *Barbara's Sales, Inc.*, 879 N.E.2d at 926 ("high-quality" is non-actionable puffery); *Tietsworth v. Sears, Roebuck & Co.*, No. 5:09-CV-00288 JF (HRL), 2009 WL 3320486, at *7 & n.5 (N.D. Cal. Oct. 13, 2009) (same as to "highest quality"); *Serbalik v. Gen. Motors Corp.*, 667 N.Y.S.2d 503, 504 (App. Div. 3d Dep't 1998) (same as to "of high quality").

Liquidators has third-party certifiers approve its products.  (FAC ¶¶ 29, 48.)  But that is not what the website says.  It says that Lumber Liquidators (i) purchases from mills that have been certified by a third-party certifier; (ii) requires its vendors to comply with the ATCM; and (iii) regularly selects finished goods for testing.  (*Id.* ¶ 30; *see id.* ¶ 48.)

Plaintiffs do not allege that what Lumber Liquidators *actually* said is false or misleading: (i) Plaintiffs do not allege that the mills that Lumber Liquidators purchased from have *not* been certified by a third-party certifier; (ii) Plaintiffs do not allege that Lumber Liquidators does not "*require*" its vendors to comply with CARB regulations, (*id.* ¶¶ 29, 48 (emphasis added)); (iii) Plaintiffs do not allege that Lumber Liquidators does not regularly test finished products.

The FAC also criticizes the statement in Lumber Liquidators' alleged "warranty" that products comply "'with all applicable laws, codes, and regulations'" and "'bear all warnings, labels, and markings required by applicable laws and regulations.'"[13] (*Id.* ¶ 47; *see id.* ¶ 13 (alleging that Lumber Liquidators also advertises on website that it "not only compl[ies] with laws—[it] exceed[s] them").)  This statement is not false because Plaintiffs have not pled facts that if proven would establish that Lumber Liquidators violated the ATCM.  (*See* Part IV.A., *supra*)  Moreover, as noted above, this "warranty" is not for, and is not provided to, consumers.

Plaintiffs' claims based upon true or nonactionable statements should be dismissed.

### b.    The Fabricator's CARB label is Not Misleading.

As noted in Part II.B.2(b), above, Lumber Liquidators did not affix the fabricator's CARB label.  The fabricators did.  Furthermore, the fabricator's CARB label cannot be

---

[13] Plaintiffs also suggest that Lumber Liquidators has falsely stated that it is in compliance with European formaldehyde standards, but fail to allege what those standards require or how Lumber Liquidators did not comply with them.  (*See* FAC ¶ 13.)  To the extent Plaintiffs' claims are predicated on this statement, these claims should be dismissed for failure to state a plausible claim.  *See Twombly*, 550 U.S. at 555-56.

sf-3575928

misleading because plaintiffs have not properly alleged that Lumber Liquidators violated the ATCM's retailer liability provisions.  (*See* Part IV.A., *supra.*)

### 2.      Plaintiffs Fail to Allege any Actionable Omission.

Plaintiffs fare no better with their omission theory.  They allege that Lumber Liquidators should have disclosed that (1) the Chinese-manufactured laminate flooring products it sells "do not comply with CARB" and (2) the likelihood that those products contained far more formaldehyde than comparable U.S.-manufactured products.  (*See, e.g.*, FAC ¶¶ 207, 211.)  To be actionable, an omission must be "contrary to a representation actually made by the defendant, or an omission of a fact the defendant was obliged to disclose."  *Baltazar v. Apple, Inc.*, No. CV-10-3231-JF, 2011 WL 588209, at *4 (N.D. Cal. Feb. 10, 2011) (internal quotation marks and citation omitted).  The FAC meets neither requirement.

### a.      No Representation in Need of Correction.

Plaintiffs have not identified a statement by Lumber Liquidators that it was required to correct.  The manufacturer or fabricator provides the fabricator's CARB label.  Even if the fabricator's CARB label were Lumber Liquidators' representation, Plaintiffs have failed to allege that the company does not comply with the ATCM such that the fabricator's CARB label or any other statements regarding CARB compliance are false.  (*See* Part IV.A., *supra.*)

### b.      No Obligation to Disclose.

Nor do Plaintiffs pinpoint any other basis for requiring Lumber Liquidators to disclose the two purported omissions they identify.  Courts conclude that there is a duty to disclose where "a defendant exclusively possesses information that a reasonable consumer would want to know

and could not discover without difficulty . . . ."[14]  *See Woods v. Maytag Co.*, No. 10-CV-0559 (ADS) (WDW), 2010 WL 4314313, at *15 (E.D.N.Y. Nov. 2, 2010).  Plaintiffs fail, however, to allege that Lumber Liquidators had knowledge of the alleged "facts" it did not disclose.

Plaintiffs point to an article published on the *Seeking Alpha* website on June 30, 2013, and a securities class action filed against Lumber Liquidators on November 26, 2013, to show that Lumber Liquidators had knowledge of the undisclosed omissions.  (FAC ¶¶ 57, 59.)  Those sources, however, identify testing by private laboratories of only one Lumber Liquidators *engineered* product.  This is doubly unhelpful.  First, as explained above, only testing by CARB can make labelled finished products non-compliant with the emissions standards.[15]  Second, Plaintiffs maintain this case is about *laminate* products, not *engineered* products.  Moreover, Plaintiffs' references to undated lawsuits, articles, and blog posts do not show that Lumber Liquidators had knowledge of the allegedly undisclosed "facts" at the time Plaintiffs purchased their flooring.[16]  *Cf. Woods*, 2010 WL 4314313, at *16 (dismissing NY GBL omission claim because vague allegations that defendants "knew" of the alleged defect "failed to provide enough factual support to plausibly support the contention that a deceptive act or practice" occurred).

---

[14] Whether a defendant has a duty to disclose differs across the consumer protection statutes, but in none of the instances where a duty could arise that is applicable to this case is the defendant obligated to disclose a "fact" of which it has no *knowledge*.  *See Matthews v. Am. Honda Motor Co.*, No. 12-60630-CIV, 2012 WL 2520675, at *2 (S.D. Fla. June 6, 2012); *Baba v. Hewlett-Packard Co.*, No. C 09-05946 RS, 2010 WL 2486353, at *3 (N.D. Cal. June 16, 2010); *Rockford Mem'l Hosp. v. Havrilesko*, 858 N.E.2d 56, 62 (Ill. App. Ct. 2006).

[15] The article does not indicate what test method the private laboratories used.

[16] Additionally, even if the internet article and complaint were sufficient to alert Lumber Liquidators to purported issues with *laminate* flooring, both occurred after Mr. Balero and the Cloudens made their purchases.  Moreover, none of these allegations support any knowledge by Lumber Liquidators of non-compliance with emissions standards prior to the date of sale of any laminate product, a requirement for retailer liability.  (*See* Section IV.A.)

### 3.    Plaintiffs Do Not Plead A Predicate Violation for Their CA UCL "Unlawful" Claim.

Courts routinely dismiss CA UCL "unlawful" claims where the plaintiff has not established a predicate violation of underlying law.  *See, e.g., Williamson v. Apple, Inc.*, No. 5:11-cv-00377 EJD, 2012 WL 3835104, at *9 (N.D. Cal. Sept. 4, 2012).  Here, Plaintiffs hope to "borrow" four laws, but fail to adequately state a claim under any.

First, Plaintiffs' attempt to "borrow" the ATCM, (FAC ¶ 167), does not work because, as explained above, Plaintiffs have not properly alleged a violation of the ATCM.

Second, California's "Proposition 65," Cal. Health & Safety Code § 25249.6, will not work either.  Plaintiffs have not alleged that (1) they complied with Proposition 65's pre-suit notice requirements, *cf. id.* § 25249.7(d)(1); *see In re Vaccine Cases*, 36 Cal. Rptr. 3d 80, 94 (Ct. App. 2005) ("[P]laintiffs cannot evade the requirement of pre-suit 60–day notice in Proposition 65 by repleading their cause of action as one for violation of the Unfair Competition Law."); (2) there was not a "warning" on the products that was clear and reasonable, *cf.* Cal. Health & Saftey Code § 25249.6; or (3) they suffered injury because of any allegedly deficient warning, *cf. Kwikset Corp.*, 246 P.3d at 885.

Third, Plaintiffs have failed to state a violation of California's "Greenwashing" Statute, Cal. Bus. & Prof. Code § 17580.5.  They have not alleged that Lumber Liquidators made any "untruthful, deceptive, or misleading *environmental marketing claim*."  *Id.*, § 17580.5(a) (emphasis added).  An environmental marketing claim "must be based on representations as to 'the natural environment,' such as 'ecologically friendly,' . . . 'environmentally lite,' or 'green product[.]'"  *Dodson v. Tempur-Sealy Int'l, Inc.*, No. 13-CV-04984-JST, 2014 WL 1493676, at *3 (N.D. Cal. Apr. 16, 2014) ("formaldehyde free" and "completely safe" not actionable under § 17580.5).

18

Fourth, Plaintiffs' unlawful UCL claim predicated on the CA FAL falls with their CA

FAL claim.  Accordingly, Plaintiffs' unlawful UCL claim must be dismissed.

### 4.    Plaintiffs Fail To Allege Injury Under the NY GBL and Intent Under the IL CFA.

Courts interpreting the NY GBL reject the notion that "consumers who buy a product that

they would not have purchased, absent a manufacturer's deceptive commercial practices, have

suffered an injury under [the New York GBL]."  *Small v. Lorillard Tobacco Co.*, 720 N.E.2d

892, 898 (N.Y. 1999); *see Preira v. Bancorp Bank*, 885 F. Supp. 2d 672, 676-77 (S.D.N.Y.

2012).  The Cloudens, however, allege precisely this.  They contend that they were injured

because they purchased laminate flooring as a result of Lumber Liquidators' misrepresentations

and omissions.  (FAC ¶¶ 126-127.)  This purported harm cannot establish injury.[17]

To satisfy the IL CFA's intent requirement, "a plaintiff must allege either intent by the

defendant that the plaintiff rely on that act or practice, or intent by the defendant to deceive,

defraud, or be unfair to the plaintiff."  *Garrett v. RentGrow, Inc.*, No. 04 C 8309, 2005 WL

1563162, at *4 (N.D. Ill. July 1, 2005).  Plaintiffs do not explain how Lumber Liquidators could

have intended to deceive them regarding compliance with the ATCM when they fail to allege

that Lumber Liquidators violated the ATCM.

Plaintiffs' IL CFA and NY GBL claims should be dismissed for these reasons as well.

### D.    Plaintiffs Fail to State a Negligent Misrepresentation Claim.

Plaintiffs' claim for negligent misrepresentation attempts to take a second bite at the

same representation—that the products "complied with CARB standards for formaldehyde"—

---

[17] *See Goldemberg v. Johnson & Johnson Consumer Cos.,* 8 F. Supp. 3d 467, 480
(S.D.N.Y. 2014) (rejecting as insufficient plaintiff's theory that he would not have purchased the
products had they been truthfully advertised and labeled); *see also Donahue v. Ferolito,
Vultaggio & Sons,* 786 N.Y.S.2d 153, 154 (App. Div. 1st Dep't 2004); *Sokoloff v. Town Sports
Int'l Inc.*, 778 N.Y.S.2d 9, 10 (App. Div. 1st Dep't 2004).

sf-3575928

challenged by their consumer protection claims.  (FAC ¶ 259.)  It is no more successful, however, because (1) Plaintiffs' claim is barred by the economic loss doctrine, and (2) Plaintiffs fail to sufficiently allege several key elements: a misrepresentation, duty, and reliance.

### 1.    The Economic Loss Doctrine Bars Plaintiffs' Claim.

The first barrier to Plaintiffs' negligent misrepresentation claim is that they seek to recover for purely economic loss.  "[T]he economic loss rule operates to bar tort claims for purely economic loss in cases involving a defendant who is a manufacturer or distributor of a product or where the parties have contractual privity."  *Topp, Inc. v. Uniden Am. Corp.*, 513 F. Supp. 2d 1345, 1348 (S.D. Fla. 2007).  "Among the policy reasons supporting this rule is the difficulty, if not impossibility, of placing a reasonable limit on a defendant's liability to those who suffer solely economic damages caused by a negligent action."  *Express One Int'l, Inc. v. Steinbeck*, 53 S.W.3d 895, 899 (Tex. App. 2001).

Plaintiffs' negligence claim falls squarely within the limitations of the economic loss doctrine.  This is so because Plaintiffs expressly allege that they suffered only "economic injury" as a result of Lumber Liquidators' supposed negligent misrepresentations.[18]  (FAC ¶ 262.) Furthermore, Plaintiffs' negligent misrepresentation claim is dependent on the same set of allegations contained in their breach of warranty claims.  *See Aprigliano v. Am. Honda Motor Co.*, 979 F. Supp. 2d 1331, 1337-38 (S.D. Fla. 2013) (claims for negligent misrepresentation barred by the economic loss rule where there are also claims for breach of warranty); *Hemming v. Certainteed Corp.*, 468 N.Y.S.2d 789, 790 (App. Div. 4th Dep't 1983) ("economic loss"

---

[18] *See Fisher v. Honda N. Am., Inc.*, No. LA CV13-09285 JAK (PLAx), 2014 WL 2808188, at *6-7 (C.D. Cal. June 12, 2014); *Burns v. Winnebago Indus., Inc.*, No. 8:13-CV-1427-T-24 MAP, 2013 WL 4437246, at *4 (M.D. Fla. Aug. 16, 2013); *Raziev v. Compass Truck Sales, LLC*, No. 13 C 737, 2013 WL 4846894, at *5 (N.D. Ill. Sept. 10, 2013); *Simms v. Jones*, 879 F. Supp. 2d 595, 599 (N.D. Tex. 2012); *Manhattan Motorcars, Inc. v. Automobili Lamborghini, S.p.A.,*, 244 F.R.D. 204, 220 (S.D.N.Y. 2007).

claims are "relegated" to warranty and contract law).  Accordingly, Plaintiffs' negligent

misrepresentation claim is precluded by the economic loss doctrine.

### 2.      Plaintiffs Do Not Allege Key Elements of Their Claim.

First, although a claim for negligent misrepresentation under California, New York,

Illinois, Texas, and Florida law requires a misrepresentation of a material fact,[19] Plaintiffs fail to

allege any such misrepresentation whatsoever, as explained above.

Second, Plaintiffs' claims under Illinois, New York, and Texas law are flawed because

they have alleged nothing more than a traditional arm's length commercial relationship between

themselves and Lumber Liquidators.  These states require something more before imposing

liability for mere negligent statements.[20]  Nor—since Plaintiffs have not alleged any violation of

the ATCM by Lumber Liquidators—have they alleged that Lumber Liquidators did not exercise

due care, as required by California and Florida law.  *See Settle v. World Sav. Bank, F.S.B.*, No.

ED CV 11-00800 MMM (DTBx), 2012 WL 1026103, at *7 (C.D. Cal. Jan. 11, 2012); *ZP No. 54

Ltd. P'ship v. Fid. & Deposit Co. of Md.*, 917 So. 2d 368, 374 (Fla. Dist. Ct. App. 2005).

Third, although reliance is an essential element of a negligent misrepresentation claim,

(*see* cases cited in footnote 16, *supra*), as explained above, Plaintiffs fail to plausibly allege that

they relied on Lumber Liquidators' purported misrepresentations.  (*See* Part III.C.3, *supra*.)

---

[19] *See Gen. Elec. Capital Corp. v. Posey*, 415 F.3d 391, 395 (5th Cir. 2005); *Hydro Investors, Inc. v. Trafalgar Power, Inc.,* 227 F.3d 8, 20 (2d Cir. 2000); *Foster Poultry Farms v. Alkar-Rapidpak-MP Equip., Inc.*, 868 F. Supp. 2d 983, 994-95 (E.D. Cal. 2012); *Tyco Safety Prods. Canada, Ltd. v. Abracon Corp.,* No. 08-CV-80604, 2008 WL 4753728, at *2 (S.D. Fla. Oct. 28, 2008); *Kopley Grp. V., L.P. v. Sheridan Edgewater Props., Ltd.*, 876 N.E.2d 218, 228 (Ill. App. Ct. 2007).

[20] *See Coburn Supply Co. v. Kohler Co.*, 342 F.3d 372, 377 (5th Cir. 2003) (arm's length commercial transaction, without more, does not give rise to duty to speak with care); *Tuosto v. Philip Morris USA Inc.*, No. 05 Civ. 9384(PKL), 2007 WL 2398507, at *15 (S.D.N.Y. Aug. 21, 2007) (same); *Fischer Indus. Inc. v. Medivance Instruments, Ltd.*, No. 89 C 9082, 1992 WL 686866, at *11 (N.D. Ill. Aug. 31, 1992) (defendant does not have a duty to avoid negligently conveying false information unless it is "in the business of supplying information").

sf-3575928

E.      **Plaintiffs' Fraudulent Concealment Claim Fares No Better.**

Plaintiffs' fraudulent concealment claim is defective for similar reasons as their negligent misrepresentation claim.  Plaintiffs have not alleged key elements of the claim, and under Texas, California, and Florida law, the economic loss doctrine precludes Plaintiffs' request for economic damages alone.

### 1.      Plaintiffs Fail to Allege Key Elements of Their Claim.

A claim for fraudulent concealment under California, New York, Florida, Texas, and Illinois law requires both intent and a duty to disclose.[21]  Lumber Liquidators could not have intended Plaintiffs to rely on the omission of, and had no duty to disclose, information of which it had no knowledge.[22]  As explained above, Plaintiffs fail to allege a violation of the ATCM or that Lumber Liquidators had knowledge of someone else's violation of the ATCM.  The fraudulent concealment claim must be dismissed.

### 2.      The Economic Loss Doctrine Bars Plaintiffs' Claim.

In addition to claims for negligent misrepresentation, Texas, California, and Florida law bar claims for fraudulent concealment seeking only economic relief.  *See WeBoost Media S.R.L.*

---

[21]  *See Aprigliano,* 979 F. Supp. 2d at 1342; *Smith v. Ford Motor Co.*, 749 F. Supp. 2d 980, 993 (N.D. Cal. 2010); *Gomez-Jimenez v. N.Y. Law Sch.*, 103 A.D.3d 13, 17-18 (2012); *Bauer v. Giannis,* 834 N.E.2d 952, 957-58 (Ill. App. Ct. 2005); *Columbia/HCA Healthcare Corp. v. Cottey*, 72 S.W.3d 735, 744-45 (Tex. App. 2002).

[22]  For a fraudulent concealment claim, a duty to disclose arises under California and New York law under similar circumstances as for a California UCL and New York GBL claim.  *See De Sole v. Knoedler Gallery, LLC,* 974 F. Supp. 2d 274, 314 (S.D.N.Y. 2013); *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 986 (N.D. Cal. 2009).  Texas is also similar.  *See Hidden Values, Inc. v. Wade*, No. 3:11-CV-1917-L, 2012 WL 1836087, at *9 (N.D. Tex. May 18, 2012).  However, under Illinois law, a duty to disclose does not arise unless the parties are in a confidential or fiduciary relationship, which is not established by "run-of-the-mill business transactions and contractual relationships."  *Disher v. Tamko Bldg. Prods., Inc.*, No. 14-CV-740-SMY-SCW, 2015 WL 4609980, at *4 (S.D. Ill. July 31, 2015).  Similarly, Florida will not impose a duty on parties "[i]n an arms-length transaction."  *Behrman v. Allstate Ins. Co.*, 388 F. Supp. 2d 1346, 1351 (S.D. Fla. 2005), *aff'd*, 178 Fed. App'x 862 (11th Cir. 2006).  The Burkes' and Brandts' fraudulent concealment claims should be dismissed for this additional reason.

*v. LookSmart Ltd.*, No. C 13-5304 SC, 2014 WL 2621465, at *6 (N.D. Cal. June 12, 2014);

*Burns*, 2013 WL 4437246, at *4; *Simms*, 879 F. Supp. 2d at 599.  The Texas, California, and

Florida Plaintiffs' fraudulent concealment claims must be dismissed for this reason as well.

### F.    Plaintiffs' Breach of Implied Warranty Claim Cannot Be Maintained.

Plaintiffs' breach of implied warranty claim is defective.  They fail to allege notice, that

the flooring was not merchantable, and that the flooring did not conform to the fabricator's label.

First, under Illinois, New York, Texas, and Florida law, a plaintiff must plead that she

provided notice within a reasonable time of discovering the alleged breach.[23]  Plaintiffs do not

allege that they provided Lumber Liquidators with notice of their warranty claims.  (*See* FAC ¶¶

239-247.)  This bars their claims as a matter of law.  *See, e.g.*, *Martin*, 369 F. Supp. 2d at 893;

*Neri v. R.J. Reynolds Tobacco Co.,* No. 98-CV-371, 2000 WL 33911224, at *19 (N.D.N.Y. Sept.

28, 2000).  Moreover, courts have rejected the claim that a company's general awareness of

alleged issues with a product satisfied the UCC's notice requirement.  *See, e.g.*, *Miller v.*

*Hypoguard USA, Inc.*, No. 05-CV-0186-DRH, 2005 WL 3481542, at *2-3 (S.D. Ill. Dec. 20,

2005) (notice must be of an issue with the particular product purchased by a particular buyer).

Second, to the extent Plaintiffs' claim is based upon a breach of the implied warranty of

merchantability, (*see* FAC ¶ 242), Plaintiffs, with the exception of the Brandts, have not alleged

that the laminate flooring they purchased is not merchantable.  "The core test of merchantability

is fitness for the ordinary purpose for which such goods are used."  *Isip v. Mercedes-Benz USA,*

*LLC*, 65 Cal. Rptr. 3d 695, 700 (Ct. App. 2007) (internal quotation marks and citations omitted).

---

[23] *See Tomasino v. Estee Lauder Cos.*, 44 F. Supp. 3d 251, 260 (E.D.N.Y. 2014); *Ibarolla v. Nutrex Research, Inc.*, No. 12 C 4848, 2012 WL 5381236, at *8 (N.D. Ill. Oct. 31, 2012); *Pegasus Imaging Corp. v. Allscripts Healthcare Solutions, Inc.*, No. 8:08-CV-1770-T-30 EAJ, 2009 WL 1767612, at *2 (M.D. Fla. June 23, 2009); *Martin v. Home Depot U.S.A.*, *Inc.*, 369 F. Supp. 2d 887, 893 (W.D. Tex. 2005).

Such fitness is shown if the product is "in safe condition and substantially free of defects . . . ." *Id.* at 697 (internal quotation marks omitted).  A defendant is liable under the provision "upon a showing that the product was not minimally safe for its expected purpose . . . ." [24] *Hollman v. Taser Int'l, Inc.*, 928 F. Supp. 2d 657, 681 (E.D.N.Y. 2013).

Plaintiffs do not allege this.  Rather, they allege that samples of their floors were tested "using CARB testing methodology" and that the results showed that the levels exceeded "applicable CARB limits for formaldehyde emissions from MDF."  (FAC ¶ 78; *see id.* ¶¶ 88, 96, 125, 131, 140.)  Except for the Brandts, who allege that testing of their flooring showed results "that were unsafe for use in a home," (*id.* ¶ 109),[25] none of the Plaintiffs allege the particular amount of formaldehyde found to emit from their flooring or that the level is *unsafe*.  Plaintiffs' allegations suggest that non-compliance with a regulatory standard renders products not fit for their ordinary purpose, but that is not the test.  *See Mocek v. Alfa Leisure, Inc.*, 7 Cal. Rptr. 3d 546, 549 (Ct. App. 2003) (to establish a breach, the product must lack "even the most basic degree of fitness for ordinary use").  Because Plaintiffs, do not allege that their flooring was unsafe for its ordinary use, their breach of implied warranty claim must be dismissed.[26]

<u>Third</u>, Plaintiffs' claim fails if it is predicated upon the fabricator's CARB label, (FAC ¶ 244), because Plaintiffs do not allege a violation of the ATCM, (s*ee* Part IV.A., *supra*).

---

[24] *See also Omni USA, Inc. v. Parker-Hannifin Corp.*, 964 F. Supp. 2d 805, 816 (S.D. Tex. 2013) (products are not merchantable where unfit for the ordinary purposes for which they are used); *Zwicky v. Freightliner Custom Chassis Corp.*, 867 N.E.2d 527, 536-37 (Ill. App. Ct. 2007) (same); *Jovine v. Abbott Labs., Inc.*, 795 F. Supp. 2d 1331, 1339-40 (S.D. Fla. 2011) (same).

[25] The Brandts also allege that a test of the air quality in their home showed levels of formaldehyde that exceed recommended threshold limits, (FAC ¶ 113), but of course an air test does not identify the source of the formaldehyde.

[26] This conclusion does not apply to the Brandts' implied warranty claim.

24

### G.    **Plaintiffs' Magnuson-Moss Claim is Defective.**

The MMWA provides a federal cause of action for state law express and implied

warranty claims.  *See Carlson v. Gen. Motors Corp.*, 883 F.2d 287, 291-92 (4th Cir. 1989).

Plaintiffs' MMWA claim fails for five reasons.

First, Plaintiffs' MMWA claim is ambiguous.  They allege that "the warranty that came

with the products constitutes a 'written warranty'" under the MMWA.  (FAC ¶ 252.)  But is it

the "warranty" that accompanies a purchase order?  (*See id.* ¶ 47.)  The fabricator's CARB label?

(*See id.* ¶ 46.)  The website?  (*See id.* ¶ 48.)  Plaintiffs must provide fair notice of their claims.

*See Twombly*, 550 U.S. at 555.  Their failure to do so dooms their MMWA claim.

Second, Plaintiffs have not identified in any event a "written warranty" as required by the

MMWA.[27]  The Act applies to "any written affirmation of fact or written promise . . . that

affirms or promises that such material or workmanship is *defect free* or will meet a *specified*

*level of performance over a specified period of time.*"  15 U.S.C. § 2301(6) (emphasis added).

As noted in Part II.B.2(b), above, the fabricators, not Lumber Liquidators, affixed the

fabricator's CARB label.

Even assuming that Plaintiffs contend that the fabricator's CARB label constitutes a

written warranty that Lumber Liquidators could be liable for, the fabricator's CARB label does

not qualify as a "written warranty" under the Act.  For example, in *Beautiful Home Textiles*

*(USA), Inc. v. Burlington Coat Factory Warehouse Corp.*, No. 13 Civ. 1725(LGS), 2014 WL

4054240, at *12 (S.D.N.Y. Aug. 15, 2014), the court concluded that the label "100% cotton" and

a specified thread count on a set of sheets "cannot constitute a written warranty under the

MMWA because neither of these labels promises that the sheets are defect-free nor that they will

---

[27] The MMWA claim must also be dismissed because the FAC does not list at least one
hundred named plaintiffs.  *See* 15 U.S.C. § 2310(d)(3)(B).

sf-3575928

meet a specified level of performance over a specified period of time." Likewise, the fabricator's CARB label is, at most, a product description and not a MMWA warranty.[28]

Third, even if the fabricator's CARB label were a "written warranty," Plaintiffs' MMWA claim fails because they did not allege a breach of express warranty claim under state law. *See Carlson*, 883 F.2d at 291. The FAC lacks allegations of: notice, reliance, and breach. As to notice, Plaintiffs concede that they have not provided notice of Lumber Liquidators' purported failure to honor the warranty.[29]   (FAC ¶ 254.)   As to reliance, Plaintiffs failed to sufficiently allege that they relied on the fabricator's CARB label, as explained above.[30]   (*See* Part IV.B.2, *supra*.)   As to breach, Plaintiffs have not shown that the flooring "does not comply with the emissions standards" under the definition found in the ATCM.   Unless and until they allege a finding by CARB of an emission violation with respect to a particular finished good prior to its sale so as to take Lumber Liquidators out of its safe harbor, the company's sale of the flooring complied with the ATCM at the time of sale and was perfectly lawful.[31]   (*See* Part IV.A., *supra.*)

Fourth, Plaintiffs' failure to allege a viable state law claim for breach of implied warranty is fatal to their MMWA claim based on the same theory. *See Carlson*, 883 F.2d at 291.

---

[28] *See Anderson v. Jamba Juice Co.*, 888 F. Supp. 2d 1000, 1003-04 (N.D. Cal. 2012) ("All Natural" label is a product description rather than a promise); *In re Sears, Roebuck & Co. Tools Mktg. & Sales Practices Litig.*, No. MDL-1703, 2012 WL 1015806, at *3 (N.D. Ill. Mar. 22, 2012) ("[m]ade in USA" was not a warranty under MMWA).

[29] *See T&M Solar & Air Conditioning, Inc. v. Lennox Int'l Inc.*, 83 F. Supp. 3d 855, 874 n.7 (N.D. Cal. 2015).; *Tomasino*, 44 F. Supp. 3d at 260; *Ibarolla*, 2012 WL 5381236, at *7-8; *Jovine*, 795 F. Supp. 2d at 1340; *Martin*, 369 F. Supp. 2d at 893.

[30] *Cole v. Gen. Motors Corp.*, 484 F.3d 717, 726 (5th Cir. 2007); *Goldemberg*, 8 F. Supp. 3d at 482; *Gedalia v. Whole Foods Mkt. Servs., Inc.*, 53 F. Supp. 3d 943, 960 (S.D. Tex. 2014); *Aprigliano*, 979 F. Supp. 2d at 1341; *In re Ferrero Litig.*, 794 F. Supp. 2d 1107, 1116 (S.D. Cal. 2011).

[31] *See Goldemberg*, 8 F. Supp. 3d at 482; *Gedalia*, 53 F. Supp. 3d at 960; *In re Ferrero Litig.*, 794 F. Supp. 2d at 1117; *Pegasus Imaging Corp.*, 2009 WL 1767612, at *2; *Oggi Trattoria & Caffe, Ltd. v. Isuzu Motors Am., Inc.*, 865 N.E.2d 334, 340 (2007).

Fifth, Plaintiffs' MMWA claim is barred by their failure to give notice and opportunity to cure on behalf of the class. *See* 15 U.S.C. § 2310(e).  Plaintiffs contend that notice is not required until after the Court determines the representative capacity of the Plaintiffs, (FAC ¶ 254), but courts have rejected this interpretation of the MMWA's notice provision and required putative class representatives to provide pre-suit notice and an opportunity to cure, *see, e.g.*, *McVicar v. Goodman Global, Inc.*, 1 F. Supp. 3d 1044, 1058 (C.D. Cal. 2014); *Stearns v. Select Comfort Retail Corp.*, No. 08-2746 JF, 2009 WL 1635931, at *9 n.8 (N.D. Cal. June 5, 2009).

## H.      Plaintiffs Do Not State a TX DTPA Claim.

Plaintiffs repackage their warranty claims for a third time with their TX DTPA claim, which is predicated upon Lumber Liquidators' alleged breach of express and implied warranties. (FAC ¶ 219.)  Plaintiffs fail to state an express or implied breach of warranty claim under Texas law for reasons set forth above, and their Texas DTPA claim should therefore be dismissed.[32] *See Para-Chem S., Inc. v. Sandstone Prods., Inc.*, No. 01-06-01073-CV, 2009 WL 276507, at *16 (Tex. App. Feb. 5, 2009) (TX DTPA claim fell with implied warranty claim).

## I.      Plaintiffs Do Not Allege that The Free Indoor Air Quality Testing Program Caused Them Any Injury.

Plaintiffs lack standing to challenge Lumber Liquidators' provision of free air quality testing kits.  They allege that the letters sent to the Brandts and Parnellas indicating that their flooring is not contributing to any abnormal exposure to formaldehyde were false.  (FAC ¶¶ 110-113, 134-136.)  Plaintiffs contend such statements, plus the allegedly unreliable test kits, led customers to believe their homes were safe and that this exposed them to risk.  (*Id.* ¶¶ 62, 67.)

---

[32] At the least, Plaintiffs' TX DTPA claim should be abated.  Plaintiffs do not allege that the Parnellas provided written notice to Lumber Liquidators prior to filing their complaint, which is a prerequisite to seeking damages under the TX DTPA.  Tex. Bus. & Com. Code § 17.505(a); *see Hines v. Hash*, 843 S.W.2d 464, 467 (Tex. 1992).

sf-3575928

Plaintiffs' allegations are contrary to the facts alleged by the named class representatives. The Brandts received a free air test kit but then *removed* their flooring; they cannot have relied on the letters.  (*Id.* ¶¶ 111-113.)  Neither the Brandts nor the Parnellas allege that their participation caused them to believe their homes were safe, which exposed them to greater risk. No other Plaintiffs allege that they even participated in the program, much less that they were injured by it.  Those who didn't participate lack standing and/or cannot have relied on, or have been injured by, that free program.  To the extent Plaintiffs' claims are predicated upon Lumber Liquidators' air quality testing program and related statements, they should be dismissed.[33]

### J.      Plaintiffs Lack Standing to Seek Injunctive Relief.

Plaintiffs seek prospective injunctive relief preventing Lumber Liquidators from "distribut[ing ]and/or sell[ing] composite laminate flooring products that violate the CARB standards" and from "advertising or labeling non-compliant products as being CARB complaint."  (FAC ¶ 191, Prayer for Relief ¶ D.)  However, a plaintiff's failure to allege "future exposure to the alleged unlawful conduct" precludes standing for injunctive relief under Article III.  *Russell v. Virginia*, No. 4:09CV29, 2010 WL 8756376, at *3 (E.D. Va. Mar. 23, 2010); *see, e.g., Garrison v. Whole Foods Mkt. Grp., Inc.*, No. 13-CV-05222-VC, 2014 WL 2451290, at *5 (N.D. Cal. June 2, 2014).  This reasoning applies here.  First, regardless of the merits of their claims, Plaintiffs now cannot plausibly allege that they would be misled by any omission by Lumber Liquidators related to its compliance with the ATCM again in the future.  Second, none of them contend that they would purchase Lumber Liquidators laminate flooring again. Plaintiffs therefore lack standing to pursue injunctive relief.

---

[33] Plaintiffs only explicitly challenge these statements in their NY GBL claim, (*see* FAC ¶ 213), but the Cloudens do not allege that they completed an air testing kit or saw or heard any of the allegedly deceptive statements related to the kit from Lumber Liquidators.  Thus, Plaintiffs' challenge to the alleged misrepresentations in the letter should also be dismissed because the Cloudens cannot sue over statements they did not see.

28

### K.    **Plaintiffs' Request for Declaratory Relief is Inappropriate.**

Plaintiffs' claim for declaratory relief must be dismissed, for three reasons.

First, even though Plaintiffs seek to certify only five state classes, Plaintiffs impermissibly try to both export California's CARB legislation beyond California's borders and provide a remedy with nationwide effect.[34] (FAC at Prayer for Relief ¶¶ B-C (seeking declaration that Lumber Liquidators' "policies and practices of labeling[,] advertising, . . . distributing and/or selling laminate flooring products . . . *throughout the country . . . that violate the CARB standards* are unlawful.") (emphasis added).) Second, the FAC improperly seeks to resolve only past misconduct, as opposed to addressing any future conduct between the parties. That is an improper basis for future declaratory relief. *Tapia v. U.S. Bank, N.A.*, 718 F. Supp. 2d 689, 695 (E.D. Va. 2010). Third, Plaintiffs have acknowledged that resolving this claim would not terminate the dispute between the parties. (*See* Dkt No. 551 at 3, ¶ 6); *Newton v. State Farm Fire & Cas. Co.*, 138 F.R.D. 76, 79 (E.D. Va. 1991) (dismissing declaratory relief claim where it would not terminate the dispute); *accord Gibson v. Liberty Mut. Grp., Inc.*, 778 F. Supp. 2d 75, 80 (D.D.C. 2011). Accordingly, Plaintiffs' claim for declaratory relief should be dismissed.

### L.    **The Court Should Strike Plaintiffs' Rule 23(b)(2) Class.**

Plaintiffs' request to certify putative state classes under Rule 23(b)(2), (FAC ¶¶ 145, 155), stands in direct conflict with the Supreme Court's directive in *Wal-Mart Stores, Inc. v. Dukes*, that "claims for monetary relief . . . may not [be certified], at least where [] the monetary relief is not incidental to the injunctive or declaratory relief." 131 S. Ct. 2541, 2557 (2011).[35]

---

[34] *See, e.g.*, *Zaycer v. Sturm Foods, Inc.*, 896 F. Supp. 2d 399, 409 (D. Md. 2012); *In re Wellbutrin XL Antitrust Litig.*, 260 F.R.D. 143, 149 (E.D. Pa. 2009).

[35] *See also Lukenas v. Bryce's Mountain Resort, Inc.*, 538 F.2d 594, 595-96 (4th Cir. 1976); *Causey v. Pan Am. World Airways, Inc.*, 66 F.R.D. 392, 398 (E.D. Va. 1975).

As shown above, neither injunctive nor declaratory relief is appropriate in this case, and Rule 23(b)(2) is therefore inapplicable.  Even if such relief were available here, Plaintiffs' primary focus is on monetary damages.  (*See* FAC at p. 61.)  As such, monetary relief is not "incidental" to the requested injunctive relief.  Furthermore, class certification is not appropriate under Rule 23(b)(2) "when each class member would be entitled to an individualized award of monetary damages."  *Dukes*, 131 S. Ct. at 2558.  This case requires the Court to engage in "complex individual determinations" such as, for example, whether each class member relied upon any representations by Lumber Liquidators, the extent of damages each class member may recover, if any, and others, making Rule 23(b)(2) certification inappropriate.  *See id.* at 2557.  Consequently, the Court should strike Plaintiffs' proposed Rule 23(b)(2) classes.

## V.    CONCLUSION

For the foregoing reasons, Lumber Liquidators, Inc. respectfully asks the Court to dismiss all of the claims, and to strike Plaintiffs' proposed Rule 23(b)(2) classes.

Dated: October 7, 2015

Respectfully submitted,

LUMBER LIQUIDATORS, INC.

By Counsel

/s/ Diane P. Flannery
Diane P. Flannery (VSB No. 85286)
E-mail: dflannery@mcguirewoods.com
McGuireWoods LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219-3916
804.775.1015 (Telephone)
804.698.2047 (Facsimile)

/s/ William L. Stern
William L. Stern (Pro Hac Vice)
E-mail: wstern@mofo.com
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105-2482
415.268.7000 (Telephone)
415.268.7522 (Facsimile)

*Defendants' Co-Lead Counsel*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 7, 2015, a true and correct copy of the foregoing was filed electronically with the clerk of this Court using the CM/ECF system, and in accordance with Local Rules and the procedures adopted in the Initial Order and Pretrial Order No. 1A.  This filing will cause a copy of the same to be served, via a Notice of Electronic Filing, upon counsel of record in this matter who have consented to electronic service. I also hereby certify that that same day a true and correct copy was served by U.S. Mail upon the remaining counsel of record and upon unrepresented parties, listed below:

**<u>Berg v. Lumber Liquidators, Inc. et al.</u>**, No. 1:15-cv-2716

| | |
|---|---|
| **Mark A. Delaney** | **Rebecca A. Musarra** |
| Block & Leviton LLP | Grant & Eisenhofer P.A. |
| 155 Federal Street, Suite 400 | 123 Justison Street, 7th Floor |
| Boston, MA 02110 | Wilmington, DE 19801 |

**Richard A. Maniskas**
Schiffrin & Barroway, LLP
280 King of Prussia Road
Radnor, PA 19087

**<u>Brown v. Lumber Liquidators, Inc. et al.</u>**, No. 1:15-cv-2659

| | |
|---|---|
| **Warren T. Burns** | **Korey A. Nelson** |
| **Daniel H. Charest** | **Elizabeth A. Roché** |
| Burns Charest LLP | Burns Charest LLP |
| 500 N. Akard, Suite 2810 | 365 Canal Street, Suite 1170 |
| Dallas, TX 75201 | New Orleans, LA 70130 |

**<u>Doss v. Lumber Liquidators, Inc. et al</u>**, No. 1:15-cv-2711

**Thomas B. Malone**
The Malone Firm, LLC
1650 Arch Street, Suite 1903
Philadelphia, PA 19103

sf-3575928

**Guest v. Lumber Liquidators, Inc. et al**, No. 1:15-cv-2717

**Anthony J. Bolognese**
Bolognese & Associates LLC
1500 John F. Kennedy Boulevard, Suite 320
Philadelphia, PA 19102

**Nicholas J. Guiliano**
The Guiliano Law Firm, P.C.
230 South Broad Street, Suite 601
Philadelphia, PA 19102

**Karriem v. Lumber Liquidators, Inc.**, No. 1:15-cv-2765

**Elijah Karriem (*pro se*)**
1404 Asbury Court
Hyattsville, Maryland 20782

**Loup v. Lumber Liquidators, Inc. et al.,** No. 1:15-cv-2733

**Fernando Paladino (*pro se*)**
2302 Justin Lane
Harvey, LA 70058

**Myers v. Lumber Liquidators, Inc. et al.,** No. 1:15-cv-2753

**James G. Stranch, III**
Branstetter, Stranch & Jennings, PLLC
227 Second Avenue North
Fourth Floor
Nashville, TN 37201-1631

**Parnella v. Lumber Liquidators, Inc. et al.,** No. 1:15-cv-2736

**Cary L. McDougal**
Baron & Budd, PC - Dallas
3102 Oak Lawn Ave
Suite 1100
Dallas, TX 75219

**Pesce v. Lumber Liquidators, Inc. et al.**, No. 1:15-cv-2715

**Kevin O'Brien**
Pogust, Braslow & Millrood, LLC
161 Washington Street, Suite 1520
Conshohocken, PA 19428

sf-3575928

**Picard v. Lumber Liquidators, Inc. et al**, No. 1:15-cv-2719

**Thomas B. Malone**
The Malone Firm, LLC
1650 Arch Street, Suite 1903
Philadelphia, PA 19103

**Smith v. Lumber Liquidators, Inc. et al.,** No. 1:15-cv-2693

**Richard Dorman**
**Walker Badham**
Badham & Buck LLC
2001 Park Place North, Ste. 500
Birmingham, AL 35203-274

**Udit v. Lumber Liquidators, Inc. et al.,** No. 1:15-cv-2755

**Irvin Victor Cantor**
Cantor Stoneburner Ford Grana & Buckner
7130 Glen Forest Dr
Suite 400
Richmond, VA 23226

*/s/ Diane P. Flannery*
Diane P. Flannery, Esq. (VSB No. 85286)
E-mail: dflannery@mcguirewoods.com
McGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219-3916
804.775.1015 (Telephone)
804.698.2047 (Facsimile)
*Defendants' Co-Lead Counsel*

sf-3575928