

**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| IN RE: LUMBER LIQUIDATORS )<br>CHINESE-MANUFACTURED FLOORING )<br>PRODUCTS MARKETING, SALES )<br>PRACTICES AND PRODUCTS LIABILITY )<br>LITIGATION, )<br>————————————————————— ) | MDL No.: 1:15-md-02627-AJT |

THIS DOCUMENT RELATES TO ALL CASES

Pretrial Order # 7
Rule 16 Scheduling Order on Discovery and Other Matters

On October 5, 2015, the Court held the Rule 16 Conference and made the following rulings:

1.  The parties will abide by the following Litigation Schedule:

| November 4 | Answers to Interrogatories and written Responses to Document Requests due from both parties |
|---|---|
| March 25 | Fact Discovery closes |
| April 4 | Plaintiffs' Expert Disclosures due |
| April 11-21 | Plaintiffs must make their experts available for deposition |
| May 2 | Defendant's Expert Disclosures due |
| May 9-20 | Defendant must make its experts available for deposition |
| May 25 | Plaintiffs must disclose any rebuttal expert(s) |
| June 2 | Plaintiffs must make their rebuttal expert(s) available for deposition |

Any need for sur-rebuttal expert testimony will be addressed on an as needed basis. The Court will issue additional orders to schedule briefing for motions to dismiss, *Daubert* motions, summary judgment motions, and class certification motion.

2.  After hearing informal argument at the Conerence, the Court rules as follows as to Defendant's Objections to Plaintiffs' First Set of Document Requests:

Request No. 16: The interrogatory is restricted to communications between Lumber Liquidators and the CPSC, CARB, OSHA, the EU, and any California state regulatory agency related to

alleged CARB violations or formaldehyde emissions. The parties are instructed to work

collaboratively to address privilege issues and to reread Fourth Circuit precedent on these issues.

Request No. 17: Defendant is instructed to produce documents that were produced in the *Global Community Monitor* action, but Defendant is entitled to withhold privileged documents and identify those documents on a privilege log.

Request No. 20: The document request is modified as follows: Produce Documents regarding Sequoia Flooring sufficient to show the mills used, costs and profits, formaldehyde levels of Products, and CARB compliance.

Request No. 30 (incorrectly numbered as 28 in Plaintiff's Requests): The document request is modified as follows: Produce Documents sufficient to show total profits, revenues and sales on a state-by-state basis for your Products for the Covered Period.

3. After hearing argument, the Court rules as follows as to the Plaintiff Fact Sheet proposed by Defendants:

   a) Fact Sheets must be completed by all named Plaintiffs in the MDL. The fact sheets will be treated as interrogatory requests and shall be signed under penalty of perjury. The parties will negotiate and add a preamble to the Fact Sheet which makes this instruction clear.

   b) Plaintiffs' objection to providing social security numbers is granted, and plaintiffs will not have to provide social security numbers at this time. Defendant, however, can make additional requests for social security numbers for specific plaintiffs if a need is established.

   c) Plaintiffs' objections to questions 11, 16, and 35 are overruled.

d) Question 25 should be clarified to state "Do you have a sample of the previous flooring that Lumber Liquidators' flooring replaced?"

e) The parties are directed to confer and revise the document requests included in the Fact Sheet to directly tell the Plaintiffs for what documents to search.

f) The parties are instructed to add a question for the plaintiff and his or her counsel to identify whether any material is being withheld on the advice of counsel or otherwise. Such withheld material must be identified on a privilege log.

g) Plaintiffs are not required to produce all photos of the floors, but instead are instructed to produce photographs sufficient to show the flooring in place and its condition.

h) The parties are instructed to work out a due date for the completion and return of the fact sheets that is as soon as is realistic.

4. After hearing argument, the Court rules as follows as to Plaintiffs' Objections to Defendant's Initial Interrogatories:

a) Plaintiffs are instructed to answer questions 1, 2, 3, 4, 10, and 11 on November 4th with information currently within the custody and control of Plaintiffs. Plaintiffs shall supplement these responses later date as may be necessary.

b) Plaintiffs may defer answering questions 5, 6, 7, 8, 9, 12, 13, 14, and 15. Absent a contrary order, those answers are due five days after completion of the Rule 30(b)(6) deposition of Defendant.

c) Plaintiffs in the class actions filed in Virginia are instructed to answer interrogatory 13.

5. **In each action in this MDL proceeding in which plaintiffs' counsel is still being served by the Clerk and by Defendant by mail because counsel has not registered for electronic filing, at least one attorney for plaintiffs shall register forthwith.**

\*\*\*\*\*

The Court makes the following additional rulings pursuant to Rule 16(b):

6. Depositions, interrogatories, requests for documents and admissions, and answers thereto shall not be filed except on order of the Court, or for use in a motion or at trial.

7. No "general objection" may be asserted in response to any discovery demand except to preserve the attorney-client privilege and work product protection.

8. All motions must contain a statement that a good faith effort to narrow the area of disagreement has been made in accordance with Local Civil Rule 7(E) and Local Civil Rule 37(E) for discovery motions. All motions must adhere to the page limits and font requirements set in Local Civil Rule 7(F)(3).

9. Filings under seal are disfavored and discouraged. See *Va. Dep't of State Police v. Washington Post*, 386 F.3d 567, 575-76 (4th Cir. 2004). Any motion to file a document under seal, including a motion for entry of a protective order containing provisions for filing documents under seal, must comply with Local Civil Rule 5 and must be noticed for a hearing in open court. The motion must state sufficient facts supporting the action sought, and each proposed order must include specific findings. Where a party moves to file material under seal because the opposing party has designated that material as confidential, the opposing party must file a response to the motion and a proposed order that meet the requirements of Local Civil Rule 5. Only the particular material found to meet the required standard may be sealed, with the

4

remainder filed in the public record.  An unsealed, redacted version of the filing in issue shall be filed with the motion to seal.

The Clerk is directed to forward copies of this Order to all counsel of record.

Alexandria, Virginia

/s/

Thomas Rawles Jones, Jr.
United States Magistrate Judge

DATED: *October 8, 2015*

5